J-S54006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARDO ALPHONSO PEOPLES | : | |
| | : | |
| Appellant | : | No. 1298 WDA 2017 |

Appeal from the Order June 30, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008708-1997

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 09, 2018**

Ricardo Peoples appeals from the judgment of sentence entered on one conviction for first-degree murder and one conviction for second-degree murder. He contends the consecutive sentences of twenty years to life constitute an abuse of the court's sentencing discretion. In addition, his court appointed attorney, Travis J. Dunn, Esquire, seeks permission to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant attorney Dunn permission to withdraw.

Peoples was seventeen years old when he shot and killed Orlando Price and Dionda Morant in the course of robbing them. A jury convicted Peoples of the first-degree murder of Price and the second-degree murder of Morant. The

court subsequently imposed the then-mandatory sentences of life in prison without possibility of parole for each of the murders consecutively.

On July 9, 2012, Peoples filed his second PCRA petition, asserting his sentences of life without parole were unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012). Relying on *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013) (holding that *Miller* could not provide relief in collateral proceedings), the PCRA court denied People's PCRA petition.

However, in 2016, while the denial of People's petition was on appeal to the Supreme Court of Pennsylvania, the Supreme Court of the United States implicitly overruled *Cunningham* and held that *Miller* provided a basis for relief in collateral proceedings. *See Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). The Supreme Court of Pennsylvania remanded Peoples's appeal to this Court, and we reversed the judgment of sentence and remanded the case to the Court of Common Pleas for re-sentencing.

After a new sentencing hearing, the court sentenced Peoples to consecutive terms of imprisonment of twenty years to life in prison. Peoples filed a post-sentence motion, seeking reconsideration of the sentence. The court denied reconsideration, and Peoples filed this timely appeal.

Prior to addressing the merits of Peoples's requested appeal, we must examine Attorney Dunn's request to withdraw. Attorney Dunn has substantially complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements);

*Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Peoples did not file a response.

As counsel has met his technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified a single issue Peoples believes entitles him to relief. Peoples asserts the court abused its discretion in imposing sentence. He concedes this argument raises a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 6. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." *Id*. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted). *See also* Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the

sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted). Here, Peoples has preserved his arguments through a post-sentence motion.

However, his appellate brief does not contain the requisite Rule 2119(f) concise statement. The Commonwealth, while noting the absence of the Rule 2119(f) statement, has explicitly exercised its right not to object to this violation of our Rules of Appellate Procedure. ***See*** Appellee's Brief, at 22.

"[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." ***Commonwealth v. Bonds***, 890 A.2d 414, 418 (Pa. Super. 2005) (citation omitted). Peoples and the Commonwealth have fully briefed this issue in this Court. In light of the detailed arguments presented by the parties and Attorney Dunn's's petition to withdraw, we must address Peoples's challenges. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that

where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were not otherwise preserved). **See also Commonwealth v. Gould**, 912 A.2d 869, 872 (Pa. Super. 2006) (exercising review of claim in absence of Rule 2119(f) statement where its absence did not hamper ability to review).[1] Therefore, we must determine if any of Peoples's claims raise substantial questions for our review.

First, Peoples argues the sentence imposed was "a *de facto* life sentence without parole … in violation of his Eighth Amendment rights." Appellant's Brief, at 15. As both attorney Dunn and the Commonwealth note, this Court has recently rejected this argument under similar circumstances. **See Commonwealth v. Foust**, 180 A.3d 416, 438 (Pa. Super. 2018) (finding consecutive 30 years' to life in prison sentences do not constitute *de facto* life without parole sentences). We agree with counsel's assessment that this claim is meritless.

Peoples also argues the court erred in imposing a sentence that does not provide him a meaningful opportunity to obtain release. He contends that **Graham v. Florida**, 560 U.S. 48 (2010) (holding that a juvenile, non-homicide offender must have a meaningful opportunity to obtain release), and **United States v. Corey Grant**, 887 F.3d 131 (3d Cir. 2018), reh'g *en banc*

---

[1] Additionally, Appellant's brief does not comply with Pa.R.A.P. 2111(d), which requires the statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) to be appended to the brief of the appellant.

granted, opinion vacated, 905 F.3d 285 (3d Cir. 2018) (holding that a juvenile offender who could not obtain parole until age 72 did not have a meaningful opportunity to obtain release), establish that his sentence is unconstitutional.

Even if we were to accept **Grant** as controlling law in this case, it is clearly distinguishable. Peoples has an opportunity to obtain parole at age 58. Considering he has been convicted of two murders, we can find nothing unreasonable with that opportunity. Peoples's second issue is meritless.

Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Peoples's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/9/2018